JANE GOODWIN, RESPONDENT, v. ROLLA WELLS, RECEIVER OF UNITED
RAILWAYS COMPANY OF ST. LOUIS, APPELLANT.*

St. Louis Court of Appeals. Opinion filed June 1, 1926.

1.—Street Railroads—Negligence—Passenger Injured—Attempting to
Alight from Street Car—Petition—Sufficiency. In an action for damages
for personal injuries alleged to have been sustained by plaintiff while at-
tempting to alight from one of defendant's street cars, where the petition
charges the defendant with negligently opening the rear door of said car,
and negligently permitting a sudden check in the speed of the car while
said rear door was open, held, said allegations are sufficient after verdict
to state a cause of action without alleging that the movement of the car
was unusual.

2.—Same—Same—Same—Same—Evidence—Sufficient to Sustain Verdict
for Plaintiff. In an action by a passenger for injuries alleged to have been
sustained while attempting to alight from a street car due to a sudden
check in the speed of the car while the rear door was open, whereby plain-
tiff was caused to fall and be thrown from the street car to the street,
evidence held sufficient to sustain a verdict for plaintiff.

3.—Appellate Practice—Damages—Must Appear Unreasonable Before Ap-
pellate Court will Interfere on Ground of Excessiveness. The appellate
court will not interfere with the verdict of juries on the ground of exces-
siveness unless it clearly appears that the verdict is unreasonable.

4.—Damages—Excessive Damages—Verdict of $4000 Under Evidence Not
Excessive. A verdict for $4000, where the evidence showed that plaintiff,
a woman forty-five years of age, received a fracture of one of the bones
of the ankle resulting in permanent injury, held not excessive.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4 C. J., p. 871, n. 13;
p. 872, n. 19, Carriers, 10 C. J., p. 992, n. 70; p. 1008, n. 58 New; p. 1063,
n. 61. Damages, 17 C. J., p. 1112, n. 81.

(1)

Appeal from the Circuit Court of the City of St. Louis.—Hon. Franklin Miller, Judge.

AFFIRMED.

*Charles W. Bates, T. E. Francis* and *Austin E. Park* for appellant.

(1) The court erred in overruling defendant's demurrers offered at the close of plaintiff's case and at the close of the entire case, because: 1. Plaintiff's petition does not state facts sufficient to constitute a cause of action against defendant, in that it fails to allege that the cause of plaintiff's alleged fall was an unusual movement of the car, and it affirmatively appears that the petition counts upon a recovery for an injury sustained by reason of the ordinary, usual and incidental movements of the car. Rosenzweig v. Wells, 273 S. W. 1071; Laycock v. U. R. Co., 290 Mo. 344; Bobbitt v. U. R. Co., 168 Mo. App. 424. 2. The evidence fails to disclose an unusual or violent movement of the car, and affirmatively shows that the cause of plaintiff's alleged fall was the ordinary, usual and incidental movements of the car which do not constitute actionable negligence. Myers v. Wells, 273 S. W. 110; Traynor v. Wells, 273 S. W. 1100; Rosenzweig v. Wells, 273 S. W. 1071; Rhodes v. Mo. Pac. R. R., 213 Mo. App. 513. (2) The trial court erred in overruling defendant's motion for a new trial, on the ground of excessiveness of the jury's verdict. The alleged fracture of a bone in plaintiff's foot was admittedly but a callous on the top of the bone without a fracture, and all other alleged injuries were purely subjective and inconsequential. The size of the verdict is such as to shock the conscience of the court. Lundahl v. Kansas City, 209 S. W. 564; Adams v. St. Rys., 174 Mo. App. 5.

*Earl M. Pirkey* for respondent

(1) When a passenger is alighting any motion of the car is negligence. Millar v. St. Louis Transit Co., 215 Mo. 619. (2) Opening and leaving the rear door open before the street car came to a stop and then causing the car to give a sudden jerk together constitute negligence, and this is true regardless of whether the jerk is an unusual jerk or not. Millar v. St. Louis Transit Co., 215 Mo. 619; Resenzweig v. Wells, 273 S. W. 1073; Keppler v. Wells, 238 S. W. 430. (3) A sudden jerk is an extraordinary movement of a street car. Hibbler v. Kansas City Railroads Co., 292 Mo. 21. (4) It is actionable negligence for the street car door to be thrown open before the street car stops and while the door is open to cause the

car to give a sudden jerk and it is not necessary in such cases to either plead or prove that the jerk was an unusual or extraordinary jerk. Laycock v. United Railways Company, 290 Mo. 351; Rosenzweig v. Wells, Rec., 273 S. W. 1074. (5) The verdict is not excessive. Kuether v. Kansas City Light & Power Co., 276 S. W. 1005.

NIPPER, J.—This is an action for damages for personal injuries, alleged to have been sustained by plaintiff while attempting to alight from one of defendant's street cars. The injury occurred near the intersection of Compton and Franklin Avenues, in the city of St. Louis.

The ground of negligence counted on in the petition is:

"That on said day, after plaintiff had so taken passage and while she was a passenger on said car and said car was some distance west of said Compton avenue and was aproaching said Compton avenue and said car was in motion, defendant negligently opened the rear door of said car and negligently caused and permitted it to remain open until plaintiff was injured as hereinafter mentioned and negligently caused and permitted a sudden check in the speed of said car while said rear door of said car was open, whereby plaintiff was caused to fall and be thrown from said car to the street," etc.

The answer was a general denial.

The defendant requested instructions in the nature of demurrers at the close of the plaintiff's case and at the close of the whole case. These were refused, and the case was given to the jury. The jury returned a verdict in favor of plaintiff, and against defendant, in the sum of $4000, and defendant appeals.

The evidence offered on the part of the plaintiff shows that, on October 8, 1922, plaintiff was a passenger on defendant's eastbound car on Franklin avenue. The car was crowded with passengers. Plaintiff rang the bell before the car had reached the street intersection, and started crowding her way to the rear end of the car to get off. When asked the question as to how she got hurt, she answered as follows:

"Well, I rang the bell to get off before I got to Compton, between Compton and Channing, and the street car was lined with people on the rear end and I gets up to make it to the door and the street car door was threw open and the car was yet running, and all of a sudden it made a jerk and gave me a jerk like that and I could not catch and I fell, and I fell on the right side with the right foot bent back under me, and I found myself—there was two men and a woman trying to pull me up. They got me up and got me to the curbstone, and then the conductor saw me, and when the conductor saw me—"

Two persons who were present helped her to her home, which was a short distance away. She was forty-five years of age, and by occupation worked as a cook and maid. She said she was not able to

work for six months. She described her injuries in the following language:

"My right foot was unlocated. I was unable to walk on it and my right arm I couldn't carry it at all; this side and the small part of my back I suffered five weeks; couldn't sleep at all at night."

She said the car went past the usual stopping place before it stopped, and was going a little faster than a person would walk when it passed the regular stopping place; that the jerk was caused by the sudden stopping of the car.

The evidence of the doctors showed that there had been a fracture of one of the bones in the ankle of the right foot. One of the doctors stated, when asked the question as to whether or not her ankle would ever get well, that he did not think it would ever get beyond the place where she would not have pain during changes of weather, or long standing on her feet; that she would always have some swelling and pain if she stood on her feet long at a time; that she would never be able to use the foot as she did before; that she improved under treatment, except as to the pains in the small of her back and in her shoulder.

One witness testified that he saw plaintiff get hurt, and, describing how the accident occurred, said:

"The car made a sudden stop and pitched her off the car on account of the car being so crowded on the rear end."

He also stated that the car came to a dead stop at once, or, nearly, so.

The evidence offered on the part of the defendant was that the car had come to a stop in the usual manner; that the door was then opened by the conductor, and that plaintiff alighted from the car while it was standing still, and fell down after she had alighted.

The grounds urged for reversal in this court are that the petition fails to state a cause of action, in that it does not allege that the movement of the car was unusual, nor does the evidence show an unusual or violent movement of the car, and, that the verdict is excessive.

It will be noted that the petition charges the defendant with negligently opening the rear door of said car, and negligently permitting a sudden check in the speed of the car while said rear door was open. These allegations are sufficient after verdict to state a cause of action. It is not necessary to allege that the movement of the car was "unusual" in cases of this kind where the action is against one operating an electric street car. There is a difference between the operation of street cars and freight or passenger trains. The Supreme Court has recognized this distinction in the cases of Laycock v. United Rys. Co., 290 Mo. 344, 235 S. W. 91, and Rosenzweig v. Wells (Mo. Sup.), 273 S. W. 1071. In

the case last cited, the question of the sufficiency of a petition, as well as the evidence to support it, is discussed at great length, and the many cases touching upon that question are reviewed, and it was held that a petition which alleged that defendant negligently opened the door of a street car while the same was in motion and plaintiff was on the rear platform thereof, and negligently caused the car to stop with a "sudden and violent jerk," was sufficient. The court, in deciding that case, made use of the following language:

"To stop an electrically operated street car so suddenly and violently as to throw off of the car and into the street a passenger standing upon the platform, is tantamount to charging that the car was stopped in an unusual manner."

The petition being sufficient to state a cause of action, we think the proof offered by plaintiff is sufficient to sustain the allegations of the petition, if the jury accepted plaintiff's theory of how the accident actually occurred. From the verdict, they evidently did this.

It is next insisted that the verdict of the jury is excessive. Defendant says it would be an outrage to permit plaintiff to recover $4000 for a sprained ankle. This may be true as an abstract proposition, but we have no such situation before us. The evidence shows that plaintiff received a fracture of one of the bones in the ankle, and that she will never be entirely well, or able to use the foot as she did before. Her leg was placed in a plaster paris for four or five weeks and she was unable to get out of bed. She was confined to the house and bed for eight weeks. She was forty-five years of age, and worked for a livelihood. We are not inclined to interfere with the verdict of juries on the ground of excessiveness, unless it it clearly appears that the verdict is unreasonable. We cannot say that this is an unconscionable verdict, or one calculated to shock the judicial conscience or conclusively show prejudice and passion on the part of the jury. While it may be conceded that the judgment is rather a large one for the injuries, yet this would not be sufficient showing to authorize us to interfere. The judgment is, accordingly, affirmed. *Daues, P. J.,* and *Becker, J.,* concur.